JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **EDCV 13-00619-JGB (DTB)** | Date | August 7, 2013 |
|---|---|---|---|
| Title | *Federal Home Loan Mortgage Corporation v. Dominador O. Nicolas III, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **Minute Order REMANDING Action to California Superior Court for the County of San Bernardino (IN CHAMBERS)**

      On July 25, 2012, Plaintiff Federal Home Loan Mortgage Corporation filed a complaint for unlawful detainer ("Complaint") against Defendants Dominador O. Nicolas III ("Defendant") and Does 1-10 in the California Superior Court for the County of San Bernardino.  (Not. of Removal, Doc. No. 1.)  On April 5, 2013, Defendant Dominador O. Nicolas III removed the action on the basis of federal question and diversity jurisdiction.  (Not. of Removal at 1-3.)

      Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

      Defendant appears to allege two bases for removal: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.

See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendants have not shown the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

Defendants also appear to allege that the basis for removal is diversity jurisdiction, 28 U.S.C. § 1332. Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the action be between citizens of different states. 28 U.S.C. § 1332(a). Defendants do not allege the citizenship of Plaintiff Federal National Mortgage Association. (Not. of Removal at 3.) Additionally, jurisdiction, including the amount in controversy, is determined at the moment of removal. See Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount other than that pled in the complaint. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 354 (1961); Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007). In its Complaint, Plaintiff alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case. (Not. of Removal at 1.) See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases). Consequently, it is clear that the amount in controversy does not exceed $75,000,[1] and the Court lacks diversity jurisdiction to hear the action.

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). **Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.**

**IT IS SO ORDERED.**

JS-6

---

[1] In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. Federal Nat. Mortg. Ass'n v. Lemon, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself").

MG